IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIEL K. GARCIA,

    Petitioner,

v.                                            CASE NO. 1:11-cv-31-MP-GRJ

KENNY ATKINSON,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The petition stems from Petitioner's 1999 convictions and sentences for possession of a firearm by a convicted felon and possession of a stolen firearm. *See United States v. Garcia*, 1:98-cr-49-SPM, Doc. 68 (1/22/99). Because Petitioner had at least three prior felony convictions for crimes of violence (robbery), Petitioner was subject to enhanced sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C § 924(e). Accordingly, Petitioner's felon-in-possession charge carried a statutory mandatory-minimum sentence of 15 years imprisonment and a maximum of life imprisonment. *See* 18 U.S.C § 924(e). Petitioner was sentenced to 327 months imprisonment on the felon-in-possession charge and received a concurrent 120-month sentence on the stolen firearm charge. The Eleventh Circuit affirmed. *Garcia*, 1:98-cr-49-SPM, Doc. 107.

Petitioner sought relief under 28 U.S.C. § 2255, arguing, *inter alia*, that his counsel rendered ineffective assistance by failing to object to his ACCA sentence. Petitioner's motion was denied on the merits, and the Eleventh Circuit denied a

certificate of appealability.  *Id*. at 119, 121, 139.

Petitioner then filed a § 2241 petition in the Southern District of Florida, his district of confinement, contending that the trial court erred in instructing the jury on the prior-felony-conviction element of the felon-in-possession charge.  The Southern District determined that the petition was, in substance, a motion pursuant to 28 U.S.C. § 2255, although the court also determined that, as a § 2241 petition, Petitioner had failed to show that he was entitled to relief under § 2241 by way of the § 2255 savings clause. Based on its determination that the petition should be characterized as a § 2255 motion, the court transferred the petition to this Court pursuant to 28 U.S.C. § 1631. *See Garcia v. Atkinson, 1:10-cv-79-MP-AK*.

Because it was clear that Petitioner intended to pursue his claims under § 2241 and not § 2255, this Court concluded that Petitioner's § 2241 petition was properly filed in the district of confinement, *see Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004), and that since the Southern District determined that Petitioner was not entitled to relief on his claim under § 2241 it could have dismissed the petition rather than construing it as a motion and transferring it to this Court.  *Garcia v. Atkinson, 1:10-cv-79-MP-AK*, Doc. 12 (5/10/10) (citing *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009)).  This Court also concluded that Petitioner was not entitled to relief under § 2241, and because there was no point in transferring the petition back to the Southern District the case was dismissed.  *Id*.

On October 8, 2010, Petitioner filed the instant § 2241 petition in the Southern District, again challenging his ACCA sentence on various grounds.  Doc. 1.  Petitioner contends that he may seek relief under  § 2241 pursuant to *United States v. Gilbert*,

609 F.3d 1159 (11th Cir. 2010) ("*Gilbert I*").  *Gilbert I* held that a defendant who is "actually innocent" of being a career offender may seek habeas relief under § 2241 by way of the § 2255 savings clause.  The opinion was subsequently vacated, and the Eleventh Circuit recently held in an *en banc* decision that a defendant may *not* seek habeas corpus relief from a sentence by way of the § 2255 savings clause where the sentence imposed does not exceed the statutory maximum.  *Gilbert v. United States*, ___ F.3d ___, 2011 WL 1885674 (11th Cir. 2011) (*"Gilbert II")*.

Upon review of the petition, the Southern District concluded that it was in essence a successive § 2255 motion, and that Petitioner was seeking to circumvent the bar on successive motions to vacate by filing a § 2241 petition pursuant to the § 2255 savings clause and *Gilbert*.  Although acknowledging that Petitioner was confined in the Southern District, the court concluded that "[t]he relief he seeks, a remand for re-sentencing can only be obtained in the Northern District of Florida, where his sentence was entered."  Doc. 4 (report and recommendation).  Over Petitioner's objections, the court again transferred Petitioner's § 2241 petition to this Court.  Doc. 7.

As in Petitioner's previous case, Petitioner styled the instant petition as a habeas corpus petition arising under § 2241, named his custodian as the respondent, and acknowledged that he had been denied relief under § 2255 in the sentencing court. Doc. 1.  In his objections to the magistrate judge's recommendation to transfer the case to this Court, Petitioner objected to the court's characterization of the petition as a § 2255 motion, again cited *Gilbert*, and argued that § 2241 was the only vehicle available to Petitioner for obtaining review of his sentencing claim.   It is thus clear that Petitioner intended to pursue his claim by way of a § 2241 habeas corpus petition, and

not as a § 2255 motion.

Because Petitioner is confined within the territorial jurisdiction of the Southern District of Florida, his § 2241 petition was properly filed in that district. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). As the Seventh Circuit explained, "a § 2241 petition should not be re-characterized as a § 2255 motion because courts must respect a litigant's decision to invoke a certain statute and must resolve the case under that law." *Wyatt*, 574 F.3d at 460. In *Wyatt*, a petitioner who had been convicted in the Southern District of Illinois filed a § 2241 petition in the Western District of Texas, where he was incarcerated. The Texas district court determined that the petition did not satisfy the requirements for obtaining relief under § 2241 by way of the § 2255(e) savings clause. Although, as the Seventh Circuit noted, "[t]hat should have been the end of the matter," the Texas district court went on to construe the petition as a second or successive § 2255 motion and transferred it to the Seventh Circuit Court of Appeals for consideration as to whether the petitioner should be authorized to file a successive § 2255 motion. *Id*. The Court of Appeals found the re-characterization and transfer of the petition to be "unnecessary and likely improper," because the petitioner's decision to pursue relief under § 2241 was entitled to respect, and the Western District of Texas, where the petitioner was confined, was the only district where venue was proper under § 2241. *Id*. The Court determined that it was "pointless" to transfer the habeas petition back to the Texas district court where it had been "considered and dismissed" for failure to satisfy the savings clause requirements. The Court concluded that "[t]he matter is over, so we dismiss his petition." *Id*.

In this case, the Southern District did not address whether Petitioner was entitled

*Case No: 1:11-cv-31-MP-GRJ*

to habeas corpus relief.  Crediting Petitioner's clear intent to file a habeas corpus petition under § 2241, *see* Docs. 1 and 6, venue is not proper in this Court.  *Rumsfeld*, 542 U.S. at 443.  Although the Court could re-transfer the case back to the Southern District, in light of the Eleventh Circuit's recent *en banc* decision in *Gilbert II*, the Court concludes that transfer would be futile.  Petitioner's ACCA sentence did not exceed the statutory maximum, and therefore he is not entitled to seek habeas relief on his sentencing claim by way of the § 2255 savings clause.  *Gilbert II*, 2011 WL 1885674 *1.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 23rd day of May 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**