IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIEL K GARCIA,

    Petitioner,

v.                                                                                    CASE NO. 1:11-cv-00031-MP-GRJ

KENNY ATKINSON,

    Respondent.

_____/

## O R D E R

This matter is before the Court on Doc. 10, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner Daniel Garcia's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be dismissed. Following its entry, Petitioner timely objected to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews objected-to portions of the Report and Recommendation *de novo*.

In 1999, Petitioner was convicted and sentenced for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and for possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). *See United States v. Garcia*, 1:98-cr-49-SPM, Doc. 68 (1/22/99). Because Petitioner had three prior "violent felony" convictions,[1] as defined in 18 U.S.C. § 924(e)(2)(B), at the time of his felon-in-possession conviction, he was subject to the sentence enhancement provision of the Armed Career Criminal Act ("ACCA"), which mandates a *minimum* 15-year prison term. 18 U.S.C. § 924(e)(1). Accordingly, the court sentenced

---

[1]Petitioner had on three previous occasions been convicted of felony robbery.

Petitioner to a 327-month term for the felon-in-possession conviction, and to a concurrent 120-month term for the stolen firearm conviction.  On appeal, the Eleventh Circuit affirmed.  *Garcia*, 1:98-cr-49-SPM, Doc. 107.  Thereafter, Petitioner sought relief under 28 U.S.C. § 2255, arguing, *inter alia*, that his counsel, in failing to object to the ACCA sentence enhancement, rendered ineffective assistance.  Petitioner's motion was denied on the merits, and the Eleventh Circuit subsequently denied a certificate of appealability.  *Id.* at 119, 121, 139.  Then, on October 8, 2010, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, again challenging his enhanced sentence.[2] [3]  Doc. 1.

---

[2] In fact, the instant petition constitutes Petitioner's third plea for habeas relief.  On March 29, 2010, Petitioner filed the first of his two petitions pursuant 28 U.S.C. § 2241.  Petitioner properly filed his first § 2241 in his district of confinement, the Southern District of Florida, but because the South District determined that his motion was, in substance, a motion pursuant to 28 U.S.C. § 2255, the motion was transferred to this Court pursuant to 28 U.S.C. § 1631.  *See Garcia v. Atkinson*, 1:10-cv-79-MP-AK.  Because Petitioner clearly intended to pursue his claims under § 2241, and not § 2255, it was this Court's opinion that the South District erred in re-characterizing the petition and transferring it out of the district of confinement.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2003) (noting that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Garcia,* 1:10-cv-79-MP-AK, Doc. 12 (5/10/10). Notwithstanding, this Court addressed the petition on the merits and concluded that Petitioner was not entitled to habeas relief under § 2241.  *Garcia,* 1:10-cv-79-MP-AK, Doc. 12 (5/10/10).  The case was then dismissed.  *Id.*

[3] The instant petition was also filed in the Southen District of Florida, where the court once again re-characterized the filing as a § 2255 petition and transferred it to this Court.  Petitioner objected, arguing that § 2241 was the only method available to him to have his sentence reviewed.  Notwithstanding, the Southern District determined that Petitioner was attempting to circumvent the bar on successive § 2255 motions to vacate by styling his petition as one arising under § 2241.  In this regard, the court's actions were improper.  Just two years ago, the Seventh Circuit explained that "a § 2241 petition should not be re-characterized as a § 2255 motion because courts must respect a litigant's decision to invoke a certain statute and must resolve the case under that law." *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009).

Under 28 U.S.C. § 2255(a), a prisoner in custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence." But § 2255(h) bars second and successive motions for habeas relief except in two narrow situations, neither of which apply in this matter. *See* 28 U.S.C. § 2255(h)(1)-(2). Petitioner argues, however, that the present claim for relief is proper because his petition was filed pursuant to § 2241. Section 2255(e), however, provides that a § 2241 petition "shall not be entertained" if a prisoner has previously been denied relief by § 2255 motion "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). This exception, known as the "savings clause," is the focus of this petition.[4]

In *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011), the Eleventh Circuit, sitting *en banc*, addressed this very issue, and asked whether "the savings clause . . . permits a federal prisoner to challenge his sentence in a 28 U.S.C. § 2241 petition when he cannot raise that challenge in a § 2255 motion because of the § 2255(h) bar against second and successive motions." *Id.* at 1295. The court's answer was "no," "at least where the sentence the prisoner is attacking does not exceed the statutory maximum." *Id.* This being so, because Petitioner's sentence does not exceed the statutory maximum–life in prison–the Magistrate Judge was correct in finding that Petitioner was prohibited from seeking habeas relief by way of the § 2255(e) savings clause with regard to his ACCA sentence enhancement. As such, the Magistrate Judge correctly recommended that the instant petition be dismissed.

---

[4]Because Petitioner's clear intent was to file his petition pursuant to § 2241, and because jurisdiction for § 2241 petitions lie only in the district of confinement, *Padilla*, 542 U.S. 443, the Magistrate Judge properly concluded that venue is improper in this Court. In addition, the Magistrate Judge also correctly determined that while this Court could re-transfer this case back to the district of confinement–the Southern District–in light of the Eleventh Circuit's ruling in *Gilbert*, 640 F.3d at 1295, doing so would be "futile." Doc. 10.

*Case No: 1:11-cv-00031-MP-GRJ*

In response to the Magistrate Judge's Report and Recommendation, Petitioner has raised four objections, none of which, however, have merit.

Petitioner first argues that the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13 (2005), and the Eleventh Circuit's subsequent decision in *United States v. Sneed*, 600 F.3d 1326, show that the district court improperly applied the ACCA's sentence enhancement. Accordingly, Petitioner further argues, because his sentence exceeds the statutory maximum, under the Eleventh Circuit's recent decision in *Gilbert*, 640 F.3d 1293, he is entitled to challenge the terms of his sentence through the savings clause and a § 2241 petition. But he is wrong. Petitioner does not argue with the government's contention that at the time of his felon-in-possession sentencing he had previously been convicted of three "violent felonies" as defined in the ACCA. 18 U.S.C. § 924(e)(2)(B). But Petitioner does, however, dispute the conclusion that the offenses underlying the convictions were "committed on occasions different from another," which the ACCA requires. 18 U.S.C. § 924(e)(1). More directly, Petitioner argues that the government failed to prove, through proper methods, "that each of the three previous convictions arose out of a separate and distinct criminal episode," *United States v. Pope*, 132 F.3d 684, 689 (11th Cir. 1998) (internal quotations omitted), and that the district court improperly relied upon police reports in reaching its conclusion that they in fact did.

In 1990, the Supreme Court addressed how a court sentencing under the ACCA should determine whether a defendant's previous conviction constitutes a "violent felony" as defined in the ACCA. *Taylor v. United States*, 495 U.S. 575, 602 (1990). The Court in *Taylor* found it evident through the statute's plain language and its legislative history that the ACCA "mandates a formal categorical approach," "generally requir[ing] the trial court to look only to the fact of conviction and the statutory definition of the prior offense," but "not to the facts underlying the

prior convictions." *Id.* at 600-02.  In 2000, the Eleventh Circuit in *United States v. Richardson*, 230 F.3d 1297 (11th Cir. 2000), concluded however, that *Taylor*'s categorical approach was required for the "violent felony" determination only and did not apply to a court's determination of whether a defendant's previous convictions were "committed on different occasions from one another."  18 U.S.C. § 924(e)(1).  The categorical approach applies to the "violent felony" determination, the *Richardson* court explained, because "Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories and not to the facts underlying the prior convictions."  *Richardson*, 230 F.3d 1297 (quoting *Taylor*, 495 U.S. at 600).  "In contrast, determining whether crimes were committed on occasions different from one another requires looking at the facts underlying the prior convictions."  *Richardson*, 230 F.3d at 1299.  Accordingly, the Eleventh Circuit sustained the district courts' use of police reports, i.e, reviewing the "facts underlying the prior convictions," in determining whether a defendant's previous convictions committed on different occasions.  *Id.* at 1300.

Then, fifteen years after its decision in *Taylor*, the Supreme Court refined, and further restricted, the categorical approach with regard to the "violent felony" determination.  In *Shepard*, the Supreme Court held that a court sentencing under the ACCA may not rely upon police reports to determine the character of an underlying conviction, but is instead restricted to "examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  *Shepard*, 544 U.S. at 16.  It is this decision that brings us to the Eleventh Circuit's most recent decision in this area and the thrust of Petitioner's argument.  In *Sneed*, while acknowledging that (as it was in *Taylor*) the Court's decision in *Shepard* involved only the

"violent felony" determination, and not the "different occasions" determination, the Eleventh Circuit concluded that the Court's decision in *Shepard* "had undermined *Richardson*'s approval of the use of police reports for § 924(e)(1) inquiries to the point of abrogation." *Sneed*, 600 F.3d at 1332. The *Sneed* court further concluded that based on *Shepard*, "there is simply no distinction left between the scope of permissible evidence that can be used to determine if the prior convictions are violent felonies . . . or if they were committed on different occasions under § 924(e)(1)." *Id.* Accordingly, the Eleventh Circuit held that courts sentencing under the ACCA may not review police reports to determine whether previous convictions were committed on "occasions different from one another." § 924(e)(1); *Sneed*, 600 F.3d at 1333.

Petitioner argues that at his initial sentencing in 1999, the court relied upon non-*Shepard* approved documents (police reports) in finding that he had three previous violent felony convictions that were "committed on different occasions from one another," § 924(e)(1), and that in light of the Eleventh Circuit's decision in *Sneed*, this constitutes reversible error. As such, Petitioner contends that he was improperly sentenced under the ACCA; that the imposed 327-month sentence for his felon-in-possession conviction thus exceeds the statutory maximum; and that accordingly, under the court's ruling in *Gilbert*, 640 F.3d at 1295, he is entitled to challenge the terms of his sentence byway of the savings clause and a § 2241 petition. Because neither *Shepard* nor *Sneed* are applied retroactively, however, Petitioner's argument fails.

At the time of Petitioner's sentencing, neither the Supreme Court nor the Eleventh Circuit prohibited the examination of police reports by the district court when sentencing a defendant under the ACCA. Today, under the guidance of the Court's decision in *Shepard*, 544 U.S. at 16, the Eleventh Circuit forbids the use of police reports for any ACCA determination. See *Sneed* 600 F.3d 1332-33. But because neither *Shepard* nor *Sneed* apply retroactively, they are of no

Case No: 1:11-cv-00031-MP-GRJ

help to Petitioner.  The Eleventh Circuit has not yet decided a case involving retroactive application of *Shepard*, but the First, Third, Fourth and Tenth Circuits have, and they have done so uniformly, holding that *Shepard* does not apply retroactively because the Supreme Court did not expressly so indicate.  *See United States v. Davis*, 133 Fed.Appx. 916 (4th Cir. 2005); *United States v. Christensen*, 456 F.3d 1205, 1207-08 (10th Cir. 2006); *Corey v. United States*, 221 Fed.Appx. 1 (1st Cir. 2007); *United States v. Armstrong*, 151 Fed.Appx. 155, 157 (3d Cir. 2005).  While the position of other circuits are not binding upon this Court, they are indeed persuasive.  When the sister circuits have taken a unanimous position, it is extremely persuasive and this Court would diverge from that position only if there is a compelling reason to do so.  In this case, there is no such reason.  Because the result in *Sneed* is a by-product of the Court's decision in *Shepard*–in that, *Richardson* would not have been abrogated, and replaced by *Sneed*, were it not for the Court's decision in *Shepard*–it, too, does not apply retroactively.  The fruit of *Shepard* cannot save Petitioner from unavailability of *Shepard* itself.

As such, because Petitioner was not improperly sentenced in 1999, and because the subsequent decisions in *Shepard* and in *Sneed* do not apply retroactively, Petitioner's sentence does not exceed that statutory maximum, and thus, under *Gilbert*, 640 F.3d at 1295, Petitioner is therefore precluded from challenging the terms of his sentence through the savings clause of 28 U.S.C. § 2255(e) and a § 2241 petition.  Petitioner's first argument is dismissed in whole.

Second, in what is seemingly only a slight variation of his first objection, Petitioner argues that a "circuit law busting decision" establishes "that he has been convicted of a nonexistent crime," Doc. 12.  Despite this strong, and uniquely vague, contention, Petitioner neither explains which "circuit law busting decision" now indicates that he has been convicted of a crime that is no longer unlawful, nor distinguishes which of his prior convictions now

constitutes a "nonexistent crime."  Because he haphazardly cites and quotes *Gilbert*, 640 F.3d 1293, Petitioner ostensibly relies upon it as the basis for his argument.  Like in *Gilbert*, however, Petitioner's argument in this case in untenable.  Petitioner argues that he has been convicted of a "nonexistent crime," but as the record shows, he has on three previous occasions been convicted of felony robbery, which "as thousands of federal prisoners can attest," does exist.  *Gilbert*, 640 F.3d at 1320.  Petitioner further argues that he "is innocent of the statutory 'offense' of being a career offender."  Doc. 1.  First, Petitioner's sentence was not enhanced because he qualified as a "career offender" under § 4B1.1 of the sentencing guidelines, but instead, his sentence was enhanced because he qualified as a armed career criminal under 18 U.S.C. § 924(e)(1).  Second, "[p]ut in its best light, [Petitioner's] argument assumes that he was convicted of the nonexistent offense of being" an armed career criminal.  *Gilbert*, 640 F.3d at 1320.  But he was not.  As the *Gilbert* court explained:

> A defendant who is convicted and then has the [ACCA] enhancement, or any other [] enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement. If guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt.

*Id.*  Petitioner's argument "turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument." *Id.*

      Third, Petitioner argues that the savings clause in § 2255(e) is not limited to those rare situations where a prisoner has been sentenced in excess of the statutory maximum. Not only does this Court disagree with Petitioner's reading of statute, this Court is bound by the decisions of the Eleventh Circuit Court of Appeals, which, sitting *en banc*, reached the opposite conclusion.  *See Gilbert*, 640 F.3d 1293, 1295.  As such, this argument is summarily dismissed.

Finally, Petitioner argues that the court's decision in *Gilbert*, 640 F.3d 1293, does not control in this case because while his sentence was enhanced pursuant to a federal statute, the prisoner in *Gilbert* "had a true guideline sentence." Apart from defining this distinction, Petitioner has done nothing more to further this argument. Moreover, the holding in *Gilbert* does not contemplate the manner in which the sentencing court arrived at the term of imprisonment, but instead looks at the results alone: a prisoner whose sentence does not exceed the statutory maximum may not use a habeas corpus petition to challenge his sentence. 640 F.3d at 1295.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 10, is ACCEPTED and incorporated herein.

2. Petition for writ of habeas corpus, Doc.1, is DENIED with prejudice.

**DONE AND ORDERED** this  *8th* day of September, 2011

　　　　　　　　　　　　*s/Maurice M. Paul*
　　　　　　　　　Maurice M. Paul, Senior District Judge